UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
AUG - 5 2013
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ELIJAH JACKSON, *et al.*,

Defendants.

Case No. 1:12-cv-1075 (LMB/IDD)

**REPORT AND RECOMMENDATION**

This matter is before the Court on the United States of America's ("Plaintiff's") Motion for Default Judgment against Ronald R. Robinson ("Robinson"), the Prince William County Service Authority ("PWCSA"), and Mary Pendleton ("Pendleton") (collectively referred to as "Defendants"), pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Dkt. No. 44.) After a licensed attorney for Defendants failed to appear at the hearing on June 7, 2013, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, the supporting affidavits and documentation thereto, and relevant portions of the underlying record, the undersigned Magistrate Judge recommends that Plaintiff's Motion for Default Judgment be granted.[1]

[1] Plaintiff also originally named Defendant Doris Taylor ("Taylor") in the Motion in Support of Default Judgment. (Dkt. No. 49; Mot. Def. J.) At the hearing on this Motion on June 7, 2013, Defendant Taylor appeared *pro se*. (Dkt. No. 48.) Consequently, this Court ordered that Plaintiff's Motion regarding Defendant Taylor be denied, and that Taylor should file a notice with this Court to proceed *pro se* or her counsel should note an appearance by June 19, 2013. (Dkt. No. 49.) On June 18, 2013, Defendant Taylor complied by filing a notice of appearance *pro se* with the Court. (Dkt. No. 54.) Accordingly, this Report and Recommendation will only address Defendants Ronald R. Robinson, Prince William County Service Authority, and Mary Pendleton.

# I. INTRODUCTION

On September 24, 2012, Plaintiff filed a Complaint against Defendants for foreclosure of a federal tax lien against real property located at 7417 Castle Road, Manassas, Virginia[2] ("Castle Road Property"). (Dkt. No. 1.) Plaintiff requests that the Court order, adjudge, and decree that: (1) Plaintiff holds valid and subsisting federal tax liens, (2) said liens be foreclosed against the real property, and (3) the real property be sold with the proceeds distributed as follows: first, to the reimbursement of the costs of the sale; then, to any liens or interest with priority over the federal tax liens; then, to Plaintiff in satisfaction of the tax liens described in this action; then to any liens or interests with priority after the federal tax liens; and finally to the owner of the real property, Defendant Robinson. Plaintiff also asks for any other relief that the Court deems proper. (Compl. at 12-13.) After Defendants failed to respond or appear at any proceedings, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this case under 26 U.S.C. §§ 7402 and 7403. In any case where there has been a refusal or neglect to pay a tax, or to discharge any liability in respect thereof, a district court can hear a civil action to enforce a lien of the United States so long as the property title claimed by the United States was derived from enforcement of a lien. *See* 26 U.S.C. §§ 7402 and 7403; *see also Bartrug v. Rubin*, 986 F. Supp. 332, 335-36 (E.D. Va. 1997) (stating that the district judge had jurisdiction pursuant to 26 U.S.C. §§ 7402 and 7403 to adjudicate the government's complaint seeking judgment against plaintiff for the tax assessments of the Internal Revenue Service). Due to the former owners' failure to pay federal taxes, federal tax liens attached to the Castle Road Property. (*Id.* ¶¶ 33, 42, 46.) All Defendants

[2] This matter is listed in Plaintiff's Complaint as Count Four.

may have an interest in the Castle Road Property. (*See id.* ¶¶ 12, 17, 47.) Therefore, because all named parties to this action may have an interest in this property, this Court has subject matter jurisdiction pursuant to 26 U.S.C. §§ 7402 and 7403.

This Court may exercise personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(k)(1)(A). Rule 4(k)(1)(A) provides that service of a summons or waiver of service is sufficient to establish personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Further, because this is a federal question case, a court has personal jurisdiction over a defendant when the defendant has been served process according to law and the exercise of jurisdiction is consistent with Due Process. *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104-105 (1987) (noting that "a federal court normally looks either to a federal statute or to the long-arm statute of the state in which it sits to determine whether a defendant is amenable to service, a prerequisite to its exercise of personal jurisdiction.") Further, Virginia courts have personal jurisdiction when the defendant is served with process in Virginia. *Blackson v. Blackson*, 579 S.E.2d 704, 711 (Va. App. 2003); *Ragouzis v. Ragouzis*, 391 S.E.2d 607, 608 (Va. App. 1990). Each Defendant was served or waived service: Defendant Robinson agreed to waive service, while residing in Virginia (Dkt. No. 31); Defendant PWCSA received service (Dkt. No. 24); and Defendant Pendleton received service (Dkt. No. 35).

Additionally, this Court has personal jurisdiction over Defendants pursuant to Va. Code Ann. § 8.01-328.1(A)(6). This Code section states that Virginia courts have personal jurisdiction when the defendant has an interest in real property in Virginia, and the cause of action arises from the defendant's interest in the property. Va. Code Ann. § 8.01-328.1(A)(6); *see also Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009) (explaining

that Va. Code Ann. § 8.01-328.1 gives Virginia courts personal jurisdiction where a defendant has an interest in real property in Virginia because such party has purposefully availed himself of the privileges and protections of the forum state). Defendants have an interest in the Castle Road Property, which is located in Virginia; the Castle Road Property is the source of this cause of action. (Compl. ¶¶ 11-12, 17.) Thus, this Court has personal jurisdiction over Defendants under Va. Code Ann. § 8.01-328.1.

Alternatively, for all Defendants, the foreclosure action for the Castle Road Property is an action in rem. (Mot. Def. J. at 4-8.) In an action in rem, personal jurisdiction is consistent with due process where the property itself is the source of the controversy. *Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 260 (4th Cir. 2002). As noted above, the source of the controversy is the Castle Road Property. (Compl. at 11-13; Mot. Def. J.) Thus, this Court has in rem personal jurisdiction.

Venue is also appropriate in this judicial district under 28 U.S.C. §§ 1391(b)(2) and 1396 because a substantial portion of the events and omissions giving rise to the trust fund tax penalties occurred within this district, the tax liability at issue accrued in this district, and the real property is located in Manassas, Virginia within this district. (Compl. ¶¶ 4-7.) Accordingly, this Court has subject matter and personal jurisdiction over Defendants, and this district is also the proper venue for this action.

**B. Service of Process**

Under 29 U.S.C. § 1132(e)(2), service of process is proper in any district where a defendant resides or may be found. When a plaintiff fails to serve the defendant properly under federal or state law, a court lacks personal jurisdiction over the defendant and may not enter default judgment against him. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987),

*superseded by statute on other grounds*, Fed. R. Civ. P. 4(k), (stating that "[s]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served" (quoting *Miss. Publ'g Corp. v. Murphee*, 326 U.S. 438, 444-45 (1946))).

Although § 1132(e) states where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur. Under Rule 4(e)(2), individuals are properly served by delivering to the person a copy of the summons and the complaint, or by leaving a copy of the summons and complaint at the individual's usual abode with someone of suitable age and discretion who resides there. Similarly, under Rule 4(j), a state-created governmental organization may be served by delivering the summons to its chief executive officer. Finally, under Rule 4(h) a defendant may waive formal service by executing a waiver of service of summons form.

All Defendants either executed a waiver of service or were properly served. Defendant Robinson agreed to waive service of process, while residing in Virginia, on February 26, 2013. (Dkt. No. 31.) PWCSA is a governmental organization created by Virginia statute. *See Virginia-American Water Co. v. Prince William Cnty. Serv. Auth.*, 436 S.E.2d 618, 620 (Va. 1993). On December 17, 2012, a private process server served Dean Dickey, the authority authorized to accept service on behalf of PWCSA. (Dkt. No. 24; Mot. Def. J. at 6.) On February 27, 2013, a private process server served Mr. Harry Williams, an "adult, live in resident boyfriend," of suitable age and discretion who resides with Defendant Pendleton. (Dkt. No. 35.)

Therefore, Plaintiff properly served Defendants pursuant to Rules 4(e)(2), 4(h), and 4(j).

### C. Grounds for Entry of Default

On September 24, 2012, Plaintiff filed a Complaint against Defendants for foreclosure of a federal tax lien against real property located at Castle Road. (Dkt. No. 1.) After Defendants failed to respond, on May 20, 2013, Plaintiff requested entry of default (Dkt. No. 41), and the Clerk entered default against Defendants on May 20, 2013. (Dkt. No. 42.) On May 30, 2013, Plaintiff filed this Motion for Default Judgment as to Defendants (Dkt. No. 44), and the Court held a hearing on the matter on June 7, 2013. (Dkt. No. 48.) After Defendants failed to appear at the June 7, 2013 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. FINDINGS OF FACT

The undersigned Magistrate Judge makes the following findings of fact based on the Complaint, the Motion for Default Judgment, and the memorandum and affidavit in support thereof.

The real property in controversy is located at 7417 Castle Road, Manassas, Virginia ("Castle Road Property"). (Compl. ¶ 18.)[3] On July 15, 1985, Elijah and Mary Jackson took title as tenants by the entirety to the Castle Road Property. (*Id.* ¶ 45; *see id.* ¶ 19.)

Between August 6, 1998 and June 4, 2002, a delegate of the U.S. Secretary of Treasury made several assessments of federal trust fund penalties against Elijah and Mary Jackson. (*Id.* ¶¶ 27, 36.) Timely notice of the trust fund penalty assessments as well as notice and demand for payment were sent to the Jacksons. (*Id.* ¶¶ 31-32, 40-42). The Jacksons failed to repay the assessments after proper notice and demand for payment. (*Id.* ¶¶ 33, 42.) Proper notices of the tax liens were properly filed in Prince William County, Virginia at various times between October 13, 1998 and November 14, 2003 for Elijah Jackson and between October 13, 1998 and

[3] A detailed description of the property is provided in the Complaint. (Compl. ¶ 19.)

September 25, 2003 for Mary Jackson. (*Id.* ¶¶ 34, 43.) Consequently, federal tax liens arose by operation of law and attached to the Castle Road Property. (*Id.* ¶ 46.) On September 22, 2005, Elijah and Mary Jackson transferred said property to a relative named Ronald R. Robinson, Jr. (*Id.* ¶ 47.)

Defendant Robinson, as owner of the real property, has an interest in the real property. (*Id.* ¶ 11.) Defendants PWCSA and Pendleton may have a judgment lien against the real property because Defendants PWSCA and Pendleton were previously parties in the action that gave rise to the judgment lien. (*Id.* ¶¶ 12, 17.)

## III. EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." A defendant in default concedes the factual allegations of the complaint. *See, e.g., Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law, and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be

granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 664).

**A. Foreclosure of Federal Tax Liens Against Real Property**

Plaintiff named all three defaulting Defendants in the Complaint, pursuant to 26 U.S.C. § 7403(b), because they may have an interest in the real property. (*Id.* ¶¶ 11-12, 17.) Plaintiff seeks foreclosure of its tax liens against the Castle Road Property, a judicial determination of the priority of all liens and other interests in the property, and the sale of the property and a distribution of the proceeds according to the various interests in the property. (Compl. at 12-13; Mot. Def. J. at 1-2.)

**1) RONALD R. ROBINSON, JR.**

The Complaint alleges sufficient facts to warrant a judgment against Defendant Robinson. Generally, a default judgment is warranted where a defendant has failed to plead or otherwise defend the action. *Music City Music*, et al., *v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). The transfer of property after the attachment of a lien does not affect the lien; rather, because of the nature and essence of a lien, the lien remains with the property upon transfer of title. *See United States v. Bess*, 357 U.S. 51, 57 (1958). For instance, in *In re Arc Energy Corp.*, 122 F.3d 1060 (4th Cir. 1997) (unpublished), federal tax liens attached to the plaintiff's property; subsequently, judgment was made against the plaintiff in a civil default

action resulting in a third party gaining title to the plaintiff's property. The court held that because the federal tax liens were attached before the third party gained title, the tax liens were not divested upon transfer and were superior to all other liens. *See id.*

Similarly, Defendant Robinson took title to the real property on September 22, 2005. (*Id.* ¶ 47.) Notices of the federal tax liens were recorded at various times between 1998 and 2003, before Defendant Robinson took title. (*Id.* ¶¶ 34, 43.) Thus, because Defendant Robinson has failed to plead or otherwise defend the action and because the liens were validly attached to the property at the time of transfer, the undersigned finds that the federal government has superior interest in the Castle Road Property. Thus, the Court recommends that the federal government be permitted to foreclose its tax liens against Defendant Robinson's interest.

**2) PRINCE WILLIAM COUNTY SERVICE AUTHORITY**

The Complaint alleges sufficient facts to warrant judgment against Defendant PWCSA. The Complaint alleges that PWCSA may have a judgment lien against the Castle Road Property. (*Id.* ¶ 17.) As previously stated, a default judgment is warranted where a defendant has failed to plead or otherwise defend the action. *Music City Music*, et al., 616 F. Supp. at 1002. A defendant's failure to assert an interest where a foreclosure complaint alleges that a defendant may have an interest in such foreclosure property, justifies a judgment extinguishing that interest. *See United States v. Rogers*, 461 U.S. 677, 693 (1983) (explaining that even if third parties have an interest in property in which the delinquent taxpayer has an interest, as long as those third parties are also party to the action, judicial sale of the property is allowable); *United States v. Zimmerman*, 491 F. App'x 341, 346-47 (3d Cir. 2012); *United States v. Clay*, No. 2:10-cv-264, 2011 WL 5101758, at *3-*4 (E.D. Va. Oct. 25, 2011) (granting default judgment for

foreclosure of a federal tax lien where the defendant failed to appear on multiple occasions or comply with either the Federal Rules of Civil Procedure or the court's orders).

Because Defendant PWCSA failed to assert an interest in the Castle Road Property, a judgment that the federal government can foreclose its tax liens against Defendant PWCSA's interest is proper.

**3) MARY PENDLETON**

The Complaint alleges sufficient facts to warrant judgment against Defendant Pendleton. The Complaint alleges that Pendleton may have a judgment lien against the Castle Road Property. (*Id.* ¶ 17.) As previously stated, a default judgment is warranted where a defendant has failed to plead or otherwise defend the action. *Music City Music*, et al., 616 F. Supp. at 1002. A defendant's failure to assert an interest where a foreclosure complaint alleges that a defendant may have an interest in such foreclosure property, justifies a judgment extinguishing that interest. *See Rogers*, 461 U.S. at 693 (explaining that even if third parties have an interest in property in which the delinquent taxpayer has an interest, as long as those third parties are also party to the action, judicial sale of the property is allowable); *Zimmerman*, 491 F. App'x at 346-47; *Clay*, 2011 WL 5101758, at *3-*4 (granting default judgment for foreclosure of a federal tax lien where the defendant failed to appear on multiple occasions or comply with either the Federal Rules of Civil Procedure or the court's orders).

Because Defendant Pendleton failed to assert an interest in the Castle Road property, a judgment that the federal government can foreclose its tax liens against Defendant Pendleton's interest is proper.

## IV. REQUESTED RELIEF

### Damages

Count Four of Plaintiff's Complaint regarding foreclosure of tax liens against the Castle Road Property requests that the Court order, adjudge, and decree that: (1) Plaintiff holds valid and subsisting tax liens, (2) said liens be foreclosed against the real property, and (3) the real property be sold with the proceeds distributed as follows: first, to the reimbursement of the costs of the sale; then, to any liens or interest with priority over the federal tax liens; then, to Plaintiff in satisfaction of the tax liens described in this action; then, to any liens or interests with priority after the federal tax liens; and finally to the owner of the real property, Defendant Robinson.

Plaintiff has set forth sufficient facts for this Court to enter judgment against Defendants Robinson, PWSCA, and Pendleton. Thus, regarding the Castle Road Property, the undersigned recommends a finding that: (1) Plaintiff holds valid and subsisting tax liens, and (2) the federal government's liens shall be foreclosed against Defendants interests in the property. Plaintiff's third request for sale of the property is dependent upon Plaintiff's action against other parties to this suit, which is still pending. Consequently, sale of the Castle Road Property and distribution of profits from any sale are not proper remedies at this time.

## V. RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends that Plaintiff's Motion for Default Judgment be granted. The motion should be granted as to an entry of default judgment against Defendants Robinson, PWSCA, and Pendleton in favor of Plaintiff on Count Four. Accordingly, the undersigned recommends that the federal government's tax liens be foreclosed against the Defendants interests in the Castle Road Property.

## V. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified as follows. Objections to this Report and Recommendation must, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record.

/s/
Ivan D. Davis
United States Magistrate Judge

August 5, 2013
Alexandria, Virginia